UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

CASE NO:

| | |
|---|---|
| **JEREMY ALLEN LEE,** ) | |
| ) | |
| Plaintiff, ) | _____ |
| ) | |
| vs. ) | **JURY TRIAL DEMANDED** |
| ) | _____ |
| **ECOLAB USA, INC. d/b/a** ) | |
| **NALCO CHAMPION** ) | |
| ) | |
| _____ / | |

## COMPLAINT

COMES NOW Plaintiff Jeremy Allen Lee, through his undersigned counsel, and files this Complaint under 42 U.S.C. § 12101, *et seq.*, and states:

## INTRODUCTION

1. Plaintiff files this Complaint and complains of discrimination in his employment on the basis of his disability and retaliation under 42 U.S.C. § 12101, *et seq.*, the Americans with Disabilities Act (ADA).

2. This action seeks compensatory and punitive damages, emotional distress and mental anguish damages, and attorney's fees.

## PARTIES

3. Plaintiff Jeremy Allen Lee resides in Sugar Land, Texas.

1

4. Defendant Ecolab USA, Inc., d/b/a Nalco Champion, is a profit corporation authorized to do business in the State of Texas, and service is authorized on its Registered Agent: CT Corporation System, 1999 Bryan St., Ste 900, Dallas, Texas 75201.

## VENUE

5. Venue is appropriate in the United States District Court for the Southern District of Texas in that the Defendant does business in this district, as required under 28 U.S.C. §1391. The Defendant's office where Plaintiff worked is in Fort Bend County, Texas.

## JURISDICTION

6. This Court has original jurisdiction of this action pursuant to 28 U.S.C. §1331, as it involves federal question jurisdiction.

7. The unlawful employment practices were committed within the jurisdiction of this Court.

## PROCEDURAL REQUISITES

8. All conditions precedent to the filing of this action have been met by Plaintiff, in that Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission, Charge No. 460-2019-06478, and received a Notice of Right to Sue from the Agency on April 21, 2020, less than 90 days before the filing of this lawsuit.

## FACTS

9. Plaintiff was hired by Defendant in or about September 2013. Plaintiff's title was a Research Chemist in the Defendant's Asset Integrity Department.

10. Plaintiff was terminated from the Defendant's employ on April 15, 2019.

11. In 2017, Plaintiff was disabled by a hip injury, which limited his ability to walk distances. If Plaintiff attempted to walk distances, he would experience severe pain and weakness.

12. With reasonable accommodation, Plaintiff could perform all of the essential duties of his job at Defendant.

13. Plaintiff was otherwise qualified for his job at Defendant.

14. On July 19, 2017, Plaintiff had a first surgery on his hip. However, Plaintiff continued to experience pain and weakness in his hip. Plaintiff provided Defendant with a note from his doctor stating that he could still work so long as Defendant accommodated his disability.

15. In March of 2018, Plaintiff needed to undergo another surgery for his hip. On March 24, 2018, Defendant's Director of Asset Integrity, Caleb Clark, told Plaintiff he should get a second opinion before having another surgery. Because of this statement, Plaintiff was concerned about burdening Defendant, and postponed the surgery until October 10, 2018.

16. The second surgery was not successful, and Plaintiff immediately informed Defendant that he would need a third surgery. He also informed Defendant that his doctor had informed him that the need for the second surgery was probably because Plaintiff had been walking too much.

17. Plaintiff then requested additional accommodations that would not require him to walk as much at work.

18. Defendant knew about and initially accepted Plaintiff's accommodation request. However, in December of 2018 and January of 2019, Plaintiff's supervisor, Rudy Gonzalez, requested that he assist in testing that would require much walking. When Plaintiff told Mr. Gonzalez that he did not feel comfortable with participating in the testing because of his disability, his supervisor became irritated that Plaintiff could not assist and stated that Plaintiff was not healing fast enough.

19. In January of 2019, the Director of Asset Integrity informed Plaintiff that the company knew of Plaintiff's disability and wanted him to concentrate on getting healthy. However, in February of 2019, Mr. Gonzalez and another supervisor again asked Plaintiff to conduct a test, without assistance, that would require much walking by Plaintiff.

20. Mr. Gonzalez constantly requested Plaintiff to take on tasks that did not accommodate his disability. Plaintiff was being retaliated against for having to inform Mr. Gonzalez for the third time in three months that his disability required accommodation.

21. On or about April 10, 2019, Plaintiff spoke with a human resources employee, Leah Vance, about Gonzalez's failure to accommodate his disability. Ms. Vance immediately brushed aside Plaintiff's concerns.

22. On April 15, 2019, Plaintiff was fired in retaliation for requesting an accommodation and because of his disability.

23. Because of his termination, Plaintiff was forced to wait to undergo the third surgery that he required. Thus, Plaintiff was forced to endure many more months of pain and weakness in his hip.

**COUNT I. DISABILITY DISCRIMINATION UNDER 42 U.S.C. §12101, *et. seq.***

24. Plaintiff incorporates the allegations made in Paragraphs 1 through 21 herein.

25. The ADA requires employers to provide reasonable accommodations for employees' disabilities.

26. Defendant, by and through its agents and employees, particularly Rudy Gonzalez and Caleb Clark, engaged in the aforementioned practices, policies, customs, and usages made unlawful by 42 U.S.C. § 12101, *et seq.*

27. Defendant discriminated against Plaintiff by refusing to accommodate his disability.

28. Defendant terminated Plaintiff because of his disability.

29. Had Plaintiff not had a disability, he would not have been terminated.

30. As a direct and proximate result of the Defendant's conduct that violated 42 U.S.C. §12101, *et.seq.*, Plaintiff suffered damages, including lost wages, emotional distress, pain and suffering, and attorneys' fees and costs.

31. Defendant's actions were intentional, willful, harsh, oppressive, reckless, and malicious, and as a further and proximate cause, Plaintiff has suffered severe emotional distress, pain, and suffering.  The wrongs done by the Defendant were aggravated by its willfulness, wantonness, and maliciousness for which the law allows the imposition of exemplary damages.  Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

32. Defendant's actions as stated above, and the resulting damages to Plaintiff, have necessitated that Plaintiff retain the services of COANE AND ASSOCIATES, PLLC, to represent him in these proceedings.  Wherefore, Plaintiff seeks recovery of reasonable and necessary attorneys' fees.

### **COUNT II. RETALIATION UNDER 42 U.S.C. § 12101, *et. seq.***

33. Plaintiff incorporates the allegations made in Paragraphs 1 through 21 herein.

34. The ADA prohibits employers from retaliating against employees who request reasonable accommodations for disabilities.

35. Defendant, by and through its agents and employees, particularly Rudy Gonzalez and Caleb Clark, engaged in the aforementioned practices, policies, customs, and usages made unlawful by 42 U.S.C. § 12101, *et seq.*

36. Defendant retaliated against Plaintiff for requesting an accommodation by terminating Plaintiff's employment.

37. Had Plaintiff not requested a reasonable accommodation for his disability, he would not have been terminated.

38. As a direct and proximate result of the Defendant's conduct that violated 42 U.S.C. §12101, *et.seq.*, Plaintiff suffered damages, including lost wages, emotional distress, pain and suffering, and attorneys' fees and costs.

39. Defendant's actions were intentional, willful, harsh, oppressive, reckless, and malicious, and as a further and proximate cause, Plaintiff has suffered severe emotional distress, pain, and suffering.  The wrongs done by the Defendant were aggravated by its willfulness, wantonness, and maliciousness for which the law allows the imposition of exemplary damages.  Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

40. Defendant's actions as stated above, and the resulting damages to Plaintiff, have necessitated that Plaintiff retain the services of COANE AND ASSOCIATES, PLLC, to represent him in these proceedings.  Wherefore, Plaintiff seeks recovery of reasonable and necessary attorneys' fees.

## JURY TRIAL DEMANDED

41. Plaintiff demands a trial by jury for all issues so triable.

    WHEREFORE, Plaintiff requests damages and reasonable attorney fees from Defendant pursuant to the 42 U.S.C. §12101, *et seq*., and any other applicable authority (statute/law, etc.), to be proven at the time of trial for all compensatory damages, exemplary damages,

and attorneys' fees and costs along with any other relief that this Court finds reasonable under the circumstances.

Respectfully submitted,

**Dated: July 8, 2020**                                      **COANE AND ASSOCIATES, PLLC**

By: ___/s/ Bruce Coane_____
**Bruce Coane, Attorney-in-Charge**
S.D. Tex. #7205
TX Bar #04423600
Email: bruce.coane@coane.com
**Matthew P. Swiger**
S.D. Tex. #24088495
TX Bar #2276929
Email: matt.swiger@coane.com
**Tong Jin**
S.D. Tex. #3399719
TX Bar #24110051
Email: tong.jin@coane.com
5177 Richmond Ave., Suite 770
Houston, TX 77056
Phone: (713) 850-0066
Fax: (866) 647-8296
***ATTORNEYS FOR PLAINTIFF***

Of Counsel:

**Lisa Kuhlman**
Florida Bar No. 0978027
Email: lisa.kuhlman@coane.com
1250 E. Hallandale Beach Blvd., Suite 303
Hallandale Beach, FL 33009
Phone: (305) 538-6800